**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHH, INC., d/b/a OOZE WHOLESALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| TOBACCO DISCOUNT WHOLESALE, | ) | |
| INC., d/b/a TOBACCO DISCOUNT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, COMMON LAW UNFAIR COMPETITION AND FOR UNJUST ENRICHMENT

Plaintiff ASHH, Inc. d/b/a Ooze Wholesale ("Plaintiff" or "Ooze"), by and through its undersigned counsel, and for its Complaint against Tobacco Discount Wholesale, Inc. d/b/a Tobacco Discount ("Defendant" or "Tobacco Discount"), states as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendant's unlawful counterfeiting of Ooze's products and federally registered trademarks. As detailed herein, Defendants have (1) trafficked in counterfeit goods in violation of 15 U.S.C. § 1114; (1) infringed Ooze's federally registered marks in violation of 15 U.S.C. § 1114; (2) unfairly competed, used false designations of origin, and/or used misleading descriptions and representations of fact in violation of 15 U.S.C. § 1125(a); (3) committed deceptive trade practices in violation of 815 ILCS 510/1 *et seq.*; (4) committed unfair competition and trademark infringement in violation of the common law of the State of Illinois;

(5) committed consumer fraud and deceptive business practices in violation of 815 ILCS 505/1 *et seq.*; and (6) been unjustly enriched under the common law of the State of Illinois.

## PARTIES

2.      Ooze is a Michigan corporation with its principal place of business located at 13231 Northend Avenue, Oak Park, Michigan 48237.

3.      Upon information and belief, Tobacco Discount is a corporation organized under the laws of the State of Illinois with its principal place of business at 7210 W. College Drive, Palos Heights, Illinois 60463 c/o Halawa Illinois Registered Agent at 7000 W. 111th Street, Suite 102, Worth, Illinois 60482.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, in that this case arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

5.      This Court has personal jurisdiction over Defendant because Defendant is a company organized under the laws of Illinois and has its principal place of business in Cook County, Illinois.

6.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Ooze's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

7.      Ooze is a distributor of smoking accessory products throughout the United States.

8.  Ooze's flagship brand is "OOZE," which is the brand name of one of the best-selling vaporizer batteries worldwide. Authentic Ooze brand batteries are highly-regarded for their quality, and Ooze takes great care to assure the quality and consistency of its products.

9.  Ooze has sold its products throughout the United States and within this District, including vaporizer pen batteries, chargers, coils, pipes, ashtrays, and other smoking accessories that use Ooze's distinctive marks, designs, and packaging. By way of example and not limitation, such products include the following[1]:



10.  Ooze has established valuable and enforceable rights in its trademarks and trade dress through *bona fide* and continuous use of its marks and trade dress in conjunction with its high quality products in United States commerce and advertising.

11.  Ooze is the owner of the following U.S. Trademark Registrations (true and correct copies of the following Registrations are attached hereto as composite **Exhibit A**):

---

[1] From left to right, the products shown include: (1) the Ooze Twist Slim Pen Vaporizer Battery; (2) the Ooze Slim Twist Pro Kit, including Vape Pen, Adjustable Voltage Battery, and accessories; (3) the Ooze Vault Vaporizer Battery; and (4) the Ooze Quad Vaporizer Battery.

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| 5,851,101 |  | Class 9: Batteries; battery chargers<br><br>Class 25: Footwear; headwear; hoodies; shirts<br><br>Class 34: Oral vaporizers for smoking purposes; smokers' rolling trays; smoking pipes; |
| 5,851,104 |  | Class 9: Batteries; battery chargers<br><br>Class 34: Oral vaporizers for smoking purposes; tobacco grinders; electronic smoking pipes; smokers' rolling trays |
| 5,851,113 | OOZE | Class 9: Batteries; battery chargers |
| 6,011,259 | TWIST | Class 9: Batteries; battery chargers |
| 6,056,317 |  | Class 9: Batteries; battery chargers |
| 6,149,315 |  | Class 9: Batteries; battery chargers<br><br>Class 34: Electronic smoking pipes; Oral vaporizers for smoking purposes |

12. The above registrations (the "Ooze Registered Marks") were duly issued in compliance with law, are valid and subsisting, and are *prima facie* evidence of the above trademarks' registration, ownership, and right to exclusive use.

Page 4 of 15

13.     The Ooze Registered Marks symbolize the goodwill of Ooze and are an intangible asset of substantial commercial value. The marks are inherently strong and have achieved greater strength as a result of Ooze's extensive sales, advertising, and promotional efforts of products incorporating those Ooze Registered Marks in commerce throughout the United States.

14.     Ooze has spent considerable sums establishing the Ooze Registered Marks and trade dress in the minds of consumers and the public at-large. In so doing, Ooze has established itself as a source of high-quality smoking accessories and products.

15.     In addition to Ooze's intellectual property rights under the Lanham Act, Ooze has acquired common law rights by virtue of use of the Ooze Registered Marks and trade dress in commerce, including such use in commerce in this District in this state, and throughout the United States.

## DEFENDANT'S UNLAWFUL COUNTERFEITING

16.     Upon information and belief, Defendant serves as a wholesale distributor of smoking accessory products.

17.     Upon information and belief, Defendant owns and/or operates out of a physical wholesale and/or retail location at 7210 W. College Drive, Palos Heights, Illinois 60463.

18.     Ooze has never directly or indirectly conducted business with Defendant.

19.     Ooze has never directly or indirectly sold its Ooze brand vaporizer products to Defendant.

20.     Ooze has never authorized Defendant to sell or otherwise distribute its Ooze brand vaporizer products.

21.     Ooze has never authorized Defendant to use the Ooze Registered Marks.

22.     As part of Ooze's policing of the Ooze Registered Marks, Ooze learned of the distribution and sale by Defendant of products bearing the Ooze Registered Marks and trade dress, which were in fact not genuine Ooze products yet were externally indistinguishable from genuine Ooze products (the "Counterfeits").

23.     By way of example and not limitation, the Counterfeits are identical with or substantially indistinguishable from the genuine Ooze product and packaging, as shown here:

          

**Counterfeit Products and Packaging**          **Genuine Ooze® Products and Packaging**

66299\431160\264876466.v1-12/8/21

24.     In the months leading up to September 10, 2021, Ooze purchased approximately two-hundred Counterfeits from Defendant's wholesale location at 7210 W. College Drive, Palos Heights, Illinois 60463. Upon subsequent investigation, Ooze determined that Defendant was responsible for distributing and selling the Counterfeits.

25.     Upon Ooze's examination and testing of the Counterfeit goods purchased directly from Defendant, Ooze confirmed that the Counterfeit products were not genuine Ooze products.

26.     Because of the external similarities between the Counterfeits and the genuine Ooze products, consumers are likely to confuse the Counterfeits with genuine Ooze products.

27.     Notwithstanding the external similarities, the Counterfeits do not use the components and/or safety mechanisms common to all genuine Ooze products. As such, consumers are likely to associate the quality and safety of the Counterfeits with the quality and safety of genuine Ooze products, thereby tarnishing Ooze's reputation and goodwill in the marketplace.

28.     Upon information and belief, in addition to the distribution and sale of the Counterfeits at its own store, Defendant has been selling the Counterfeits to retailers and/or consumers.

29.     Upon information and belief, when Defendant sells Counterfeits to retailers, those retailers then sell the Counterfeits to consumers.

30.     Upon information and belief, Defendant sells the Counterfeits to retailers and through trade channels in which consumers would reasonably expect to find authorized Ooze brand vaporizer batteries/products being sold, thereby directly competing with Ooze's authentic products and causing confusion to consumers.

66299\431160\264876466.v1-12/8/21

31.     On or about September 10, 2021, Ooze sent Defendant a letter requesting that, among other actions, Defendant immediately cease and desist from selling counterfeit Ooze products. *See* **Exhibit B**. To date, Ooze's letter and request has gone unanswered.

32.     Upon information and belief, Defendant continues to sell the Counterfeits out of its wholesale location at 7210 W. College Drive, Palos Heights, Illinois 60463.

33.     Upon information and belief, Defendant has collected (and continues to collect) revenues and income from its sales of the Counterfeits.

34.     Ooze has expended extensive time, labor, skill, and money to develop its names, symbols, trade dress and devices, including but not limited to the Ooze Registered Marks, and Defendant has illegally used those Ooze-developed names, symbols, trade dress and devices in competition with Ooze to gain an unfair advantage in that competition.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

35.     Ooze realleges the foregoing paragraphs as if fully set forth herein.

36.     Ooze owns valid and enforceable rights in the Ooze Registered Marks.

37.     Defendant has, without Ooze's consent, used the Ooze Registered Marks in connection with the sale, offering for sale, distribution, or advertising of its Counterfeits in a manner that is likely to cause confusion, mistake, or to deceive.

38.     Defendant has, without Ooze's consent, reproduced, counterfeited, copied, and/or colorably imitated the Ooze Registered Marks and applied such reproduction, counterfeit, copy, and/or colorable imitation to the design and packaging of the Counterfeits in connection with the sale, offering for sale, distribution, or advertising of the Counterfeits in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association

Page 8 of 15

of Defendant and of the Counterfeits with Plaintiff, or as to the origin, sponsorship, or approval of the Counterfeits, with or by Plaintiff.

39. Defendant's improper use of the Ooze Registered Marks constitutes "counterfeiting," as defined by 15 U.S.C. § 1127, because their sale of the Counterfeits comprises use of a spurious mark, or marks, which are identical with, or substantially indistinguishable from, the Ooze Registered Marks.

40. Given the virtually identical names, symbols, packaging and trade dress of the Counterfeits, including use of multiple identical registered marks, and Defendant's knowledge of Plaintiffs' Registered marks, Defendant's conduct was willful.

41. As a direct and proximate result of Defendant's conduct, Ooze has suffered economic harm in the form of lost profits, harm to the value and goodwill associated with the Ooze Registered Marks, and harm to Ooze's reputation in the industry.

42. Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its failure to respond to or take corrective action after receiving Ooze's September 10, 2021 letter, this is an exceptional case under 15 U.S.C. §§ 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

43. Ooze realleges the foregoing paragraphs as if fully set forth herein.

44. Defendant has used the Ooze Registered Marks and trade dress in connection with its Counterfeits and Counterfeits' packaging in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Ooze, or as to the origin, sponsorship, or approval of the Counterfeits.

45.     Defendant has used the Ooze Registered Marks and trade dress in connection with goods and the packaging for goods in a manner that misrepresents the nature, characteristics, or qualities of the Counterfeits.

46.     Given the virtually identical packaging of the Counterfeits, including use of multiple counterfeit marks and false indications of origin which are identical to the Ooze Registered Marks, Defendant's illegal conduct was willful and intentional.

47.     As a direct and proximate result of Defendant's conduct, Ooze has suffered economic harm including in the form of lost profits, harm to the value and goodwill associated with the Ooze Registered Marks, and harm to Ooze's reputation in the industry.

48.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its failure to respond to or take corrective action after receiving Ooze's September 10, 2021 letter, this is an exceptional case under 15 U.S.C. § 1117.

### COUNT III – DECEPTIVE TRADE PRACTICES
### (815 ILCS 510/1 *et seq.*)

49.     Ooze realleges the foregoing paragraphs as if fully set forth herein.

50.     Defendant's improper and unauthorized use of the Registered Ooze Marks and trade dress in conjunction with its Counterfeits and in advertisement and sale of the Counterfeits constitutes a deceptive trade practice in violation of 815 ILCS 510/2 *et seq.*, including by way of:

> (a)     Passing off the Counterfeits as genuine Ooze products and genuine, Registered Ooze Marks;

> (b)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Ooze's goods and Registered Ooze Marks;

(c)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Ooze's goods and the Registered Ooze Marks; and/or

(d)     Using deceptive representations by selling counterfeit Ooze products.

51.     As outlined herein, Defendant's actions constitute deceptive trade practices by employing in commerce practices prohibited in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, including by selling counterfeit Ooze products, using the Registered Ooze Marks without Ooze's consent or authorization, and misappropriating the Ooze brand and trade dress.

52.     Ooze is likely to continue to be, and has been, damaged by Defendant's improper and unauthorized use of its Ooze Registered Marks and trade dress, and by Defendant's counterfeiting, including from lost sales, harm to Plaintiff's goodwill, lost customers, business opportunities, diminution of the value of the Registered Ooze Marks, and in damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 510/3, Ooze is entitled to injunctive relief upon terms that the Court deems reasonable.

53.     On information and belief, including because of the virtually identical copy of the Ooze Registered Marks and traded dress used by Defendant in and on the Counterfeits, Defendants intentionally and willfully copied genuine Ooze products and the Registered Ooze Marks without prior authorization.

54.     Upon information and belief, Defendants have realized revenue and profits stemming from its wrongful sale and use of the Counterfeits, none of which Defendants would have otherwise obtained.

55.     Ooze has no adequate remedy at law for the Defendant's wrongful actions.

56.     Defendant's violations and wrongful acts have injured Ooze and unless and until enjoined will continue to injure Ooze.

57.     As a consequence of Defendant's actions, Ooze has suffered, and will continue to suffer, monetary damages in an amount to be determined.

## COUNT IV – CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 *et seq.*)

58.     Ooze realleges the foregoing paragraphs as if fully set forth herein.

59.     Defendant's improper and unauthorized use of the Registered Ooze Marks and of Plaintiff's trade dress in conjunction with the Counterfeits and in advertisement and sale of the Counterfeits constitutes a fraudulent and deceptive business practice in violation of 815 ILCS 505/2 *et seq.*, including by way of the use or employment of, for example, deception, fraud, false pretense, misrepresentation and suppression or omission of material fact, with intent that others, including consumers, rely upon the concealment, suppression or omission of such material fact, in the conduct of trade or commerce.

60.     Plaintiff has suffered actual damage as a result of a violation of 815 ILCS 505/2 *et seq.*

## COUNT V – ILLINOIS COMMON LAW
### UNFAIR COMPETITION

61.     Ooze realleges the foregoing paragraphs as if fully set forth herein.

62.     Defendant has used Ooze's names, symbols, trade dress and devices, including but not limited to the Ooze Registered Marks, in connection with the Counterfeits and the Counterfeits' packaging in a manner which is calculated to deceive and cause consumers to trade with Defendant when they intended to and would otherwise have traded with Ooze.

63.     The Defendants' described acts constitute palming off, misappropriation, and/or unfair competition under Illinois common law.

64.     Ooze has suffered economic injury as a result of Defendant's palming off and misappropriation via sales of Counterfeits.

65.     On information and belief, including because of the virtually identical copy of the Ooze Registered Marks and traded dress used by Defendant in and on the Counterfeits, Defendant's conduct was intentional, malicious and fraudulent.

### COUNT VI – UNJUST ENRICHMENT UNDER ILLINOIS COMMON LAW

66.     Ooze realleges the foregoing paragraphs as if fully set forth herein.

67.     As a result of Defendant's misrepresentations and other deceptive and unlawful acts and/or practices as described herein, Defendant has unlawfully received and retained benefits in the form of, at least, proceeds from the sales of goods and services improperly utilizing the Ooze Registered Marks and Ooze trade dress, which proceeds were retained by Defendant to the detriment of Plaintiff and in violation of the fundamental principles of justice, equity, and good conscience, and Defendant has thereby been unjustly enriched.

### Relief Requested

WHEREFORE, Ooze respectfully requests that this Court enter a judgment in its favor and against Defendant, and award Ooze relief as follows:

A.     Judgment in Ooze's favor and against Defendant, finding Defendant in violation of all counts of the Complaint in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125, 815 ILCS 510/1 *et seq.*, 815 ILCS 505/1 *et seq.,* and unfair competition under Illinois common law;

B.     Judgment that Defendant acted willfully, maliciously, and fraudulently, in violation of all counts of the Complaint, and has been unjustly enriched;

Page 13 of 15

C.     Judgment rendering all compensation to which Ooze is entitled under 15 U.S.C. §§ 1114, 1117, 1125, 815 ILCS 510/1 *et seq.*, 815 ILCS 505/1 *et seq.,* and Illinois common law, including attorney fees, costs, expenses, and exemplary and/or treble damages;

D.     Judgment ordering the destruction and/or return of all Counterfeits in Defendant's possession, custody, or control; and

E.     Permanently enjoining Defendant, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendant forever cease, desist, and refrain from, anywhere in the world:

    i.     Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any products bearing the Ooze Registered Marks and/or Ooze trade dress, or any colorable imitation thereof;

    ii.     Inducing or enabling others to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell products bearing the Ooze Registered Marks and/or Ooze trade dress, or any colorable imitation thereof;

    iii.     Damaging, diluting or using the Ooze Registered Marks;

    iv.     Unfairly competing with Ooze in any manner;

    v.     Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the aforementioned enjoined conduct; and

    vi.     Awarding such other and further relief as this Court deems just and proper.

66299\431160\264876466.v1-12/8/21

Dated: December 8, 2021

Respectfully submitted,

/s/James P. Murphy

Jason R. Canvasser (*pro hac vice* pending)
**CLARK HILL PLC**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8257
jcanvasser@ClarkHill.com

Jeffrey T. Hewlett (*pro hac vice* pending)
**CLARK HILL PLC**
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 309-9498
jhewlett@clarkhill.com

James P. Murphy
**CLARK HILL PLC**
130 E. Randolph Drive, Suite 3900
Chicago, IL 60601
(312) 985-5921
jmurphy@clarkhill.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHH, INC., d/b/a OOZE WHOLESALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| TOBACCO DISCOUNT WHOLESALE, | ) | |
| INC., d/b/a TOBACCO DISCOUNT | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |


# EXHIBIT A

## to

# Complaint

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,851,101**

**Registered Sep. 03, 2019**

**Int. Cl.: 9, 25, 34**

**Trademark**

**Principal Register**

Ashh, Inc. (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 25: Footwear; Headwear; Hoodies; Shirts

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 34: Oral vaporizers for smoking purposes; Smokers' rolling trays; Smoking pipes; Tobacco grinders

FIRST USE 5-00-2016; IN COMMERCE 5-00-2016

The color(s) green and light green is/are claimed as a feature of the mark.

The mark consists of a stylized word "OOZE" in green outlined in light green with drip marks in green below the word.

OWNER OF U.S. REG. NO. 5124990

SER. NO. 88-322,540, FILED 03-01-2019

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,851,104**

**Registered Sep. 03, 2019**

**Int. Cl.: 9, 34**

**Trademark**

**Principal Register**

Ashh, Inc. (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

CLASS 34: Oral vaporizers for smoking purposes; Tobacco grinders; Electronic smoking pipes; Smokers' rolling trays

FIRST USE 5-00-2016; IN COMMERCE 5-00-2016

The color(s) green and light green is/are claimed as a feature of the mark.

The mark consists of the letter "O" in light green over a stylized letter "O" in darker green surrounded by green splashmarks; the white is not a feature of the mark and appears as background only.

SER. NO. 88-322,570, FILED 03-01-2019

Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# OOZE

**Reg. No. 5,851,113**

**Registered Sep. 03, 2019**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Ashh, Inc.  (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5124990

SER. NO. 88-322,627, FILED 03-01-2019



Director of the United States
Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# TWIST

**Reg. No. 6,011,259**

**Registered Mar. 17, 2020**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Ashh, Inc.  (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 4-00-2015; IN COMMERCE 4-00-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

SEC.2(F)

SER. NO. 88-322,616, FILED 03-01-2019



Director of the United States
Patent and Trademark Office



# United States of America
## United States Patent and Trademark Office



**Reg. No. 6,056,317**

**Registered May 19, 2020**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Ashh, Inc. (MICHIGAN CORPORATION)
13231 Northend
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 10-00-2017; IN COMMERCE 10-00-2017

The mark consists of the placement of wording and design elements on a three-dimensional configuration of a rectangular box. The stylized term "TWIST" appears under a long narrow display window with a wavy bottom and on the side of the box. A shaded area appearing as dripping appears at the top of the box and onto the display window. The broken lines depicting the box shape, hangtag, and vertical sides of the display window indicate placement of the mark on the goods and are not part of the mark.

SEC. 2(F) as to "TWIST"

SER. NO. 88-334,569, FILED 03-11-2019



Director of the United States
Patent and Trademark Office



# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,149,315**

**Registered Sep. 08, 2020**

**Int. Cl.: 9, 34**

**Trademark**

**Principal Register**

Ashh, Inc.  (MICHIGAN CORPORATION)
13231 Northend Ave.
Oak Park, MICHIGAN 48237

CLASS 9: Batteries; Battery chargers

FIRST USE 2-1-2020; IN COMMERCE 2-1-2020

CLASS 34: Electronic smoking pipes; Oral vaporizers for smoking purposes

FIRST USE 2-1-2020; IN COMMERCE 2-1-2020

The mark consists of a three-dimensional configuration of product packaging comprised of an overall pattern of wavy lines appearing across the front and sides. A shaded area appearing as dripping appears at the top of the packaging on the front and again across the front about 2/3 of the way down. The white spaces within the dotted lines depicting the hangtag and display window are open. The remaining dotted lines indicate the placement of the mark.

SER. NO. 88-644,146, FILED 10-07-2019





Director of the United States
Patent and Trademark Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHH, INC., d/b/a OOZE WHOLESALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| TOBACCO DISCOUNT WHOLESALE, | ) | |
| INC., d/b/a TOBACCO DISCOUNT | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |


# EXHIBIT B

## to

# Complaint

 Clark Hill

Jason R. Canvasser
T (313) 965-8257
F (313) 309-6857
Email:JCanvasser@ClarkHill.com

Clark Hill
500 Woodward Ave., Suite 3500
Detroit, MI 48226
T (313) 965-8300
F (313) 965-8252

September 10, 2021

**VIA FEDERAL EXPRESS OVERNIGHT MAIL**

Tobacco Discount Wholesale, Inc.
d/b/a Tobacco Discount
7210 W. College Drive
Palos Heights, IL

Tobacco Discount Wholesale, Inc.
c/o Halawa Illinois Registered Agent
7000 W. 111th St., Ste. 102
Worth, IL 60482

Tobacco Discount Wholesale, Inc.
Attn: Abdal Mahmoud, President
16516 S. Brockton Ln.
Oak Forest, IL 60452

Re: Distribution of Counterfeit Goods

To Whom It May Concern:

Clark Hill PLC is legal counsel to Ashh, Inc. d/b/a Ooze Wholesale ("Ooze"). Ooze is the owner of the OOZE brand, which it uses in connection with manufacturing and distributing oral vaporizers for smoking purposes, electronic smoking pipes, batteries, and related accessories. Ooze is one of the nation's leading distributors of smoking accessory products and has been recognized as one of the fastest growing businesses in the United States.

Critical to Ooze's growth and success, is its distinctive OOZE® branding, consisting of several registered trademarks, along with its distinctive packaging. Ooze owns numerous trademark registrations for the Ooze mark in connection with its oral vaporizers for smoking purposes, electronic smoking pipe, tobacco grinders, batteries and related products and accessories, including U.S. Registration Nos. 5,124,990; 5,851,113; 5,807,341, and 5,851,101. These registrations

<span style="color:green">clarkhill.com</span>

**Error! Unknown document property name.**

September 10, 2021
Page 2

are valid and subsisting and represent incredible value and goodwill to Ooze. The OOZE® brand is easily recognized by, among other things, its slime green color and the drip marks under each letter as demonstrated below:



In addition to the OOZE trademark, Ooze has created, manufactured, and sold products containing distinctive Ooze marks, designs, and branding, including, without limitation, the below examples:





Recently, 200 Ooze Twist Slim Pens were purchased from Tobacco Discount, located at 7210 W. College Drive, Palos Heights, IL. A thorough analysis of these products has confirmed that they are counterfeit and not genuine Ooze products. The sale of counterfeit goods creates a public safety hazard as these products have not undergone the rigorous testing and do not include the safety measures that are used in all genuine Ooze products. In addition, the sale of these dangerous counterfeit products does substantial damage to the goodwill and trust of Ooze's loyal customers.

September 10, 2021
Page 3

Ooze assumes, at least for the time being, that you are acting in good faith and without knowingly intending to infringe on Ooze's rights. As such, we hope this matter can be resolved quickly and amicably. To that end, and subject to FRE 408, Ooze demands as follows:

- Agree to immediately turn over all products bearing the Ooze marks;

- Agree to immediately cease and desist and permanently refrain from selling any products now or in the future bearing the Ooze marks;

- Immediately identify who is manufacturing these counterfeit products and where they are being manufactured;

- Provide a list of all businesses to which you have sold Ooze products in the last 180 days; and

- Make a one-time payment of $100,000.00 for your improper and unauthorized use of Ooze's marks.

In the event you choose not to comply with Ooze's request, Ooze is prepared to take appropriate legal action to protect its marks. As such, Ooze reserves all legal rights and nothing in this letter is intended to waive any rights, remedies, causes of actions, claims, or defenses that Ooze possesses; each being expressly reserved.

We look forward to your response by **September 17, 2021**. If you wish to discuss in greater detail, do not hesitate to contact me.

Sincerely,
CLARK HILL

Jason R. Canvasser
Member